IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Humberto Hernandez Rivera,<br>Petitioner,<br>v.<br>Markwayne Mullin, et al.,<br>Respondents. | No. CV-26-04062-PHX-SHR (DMF)<br><br>**ORDER** |

Petitioner Jorge Humberto Hernandez Rivera filed, through counsel, a Petition (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention. On June 11, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. On June 16, 2026, Respondents filed a Response (Doc. 7).

On August 24, 2026, Petitioner filed a "Motion to Proceed Pro Se, Terminate Counsel's Representation, Request Direct Service, and Request Copy of Respondents' Response" (Doc. 8). Petitioner states he paid an attorney to assist him with filing his initial Petition but was informed additional payment was required for the attorney to continue working on Petitioner's case. Petitioner seeks termination of his attorney's representation in this case, permission to proceed on his own behalf, and a copy of Respondents' Response.

Because Petitioner is represented, Petitioner may not appear on his own behalf. Local Rule of Civil Procedure 83.3(c)(2) provides:

> Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the

> cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party." Rule 83.3(b)(1) provides an attorney may only be permitted to withdraw with the client's written approval upon proper application to the Court.

To terminate the representation, **Petitioner's attorney** must file a written application to withdraw that conforms with the requirements of Rule 83.3(b). The Court will therefore deny the Motion without prejudice.

Petitioner's attorney is cautioned that Rule 83.3 does not permit limited scope representation. *See* LRCiv 83.3(b)(3). The Court will therefore require Petitioner's attorney to either file a status report indicating whether counsel is actively representing Petitioner in this action *or* a file an application to withdraw as counsel in this case. Petitioner's attorney is warned that failure to comply with this Court's local rules may result in sanctions. *See* LRCiv 83.1(f) (permitting Court to impose sanctions where an attorney fails to conform to the Federal Rules of Civil Procedure or the Local Rules).

**IT IS ORDERED:**

(1) Petitioner's Motion to Proceed Pro Se (Doc. 8) is **denied** without prejudice.

(2) On or before **September 15, 2026**, **Petitioner's attorney must file** a status report indicating whether counsel is actively representing Petitioner in this case **or** an application to withdraw as counsel in compliance with Local Rule of Civil Procedure 83.3(b).

Dated this 9th day of September, 2026.

Honorable Scott H. Rash
United States District Judge