**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jorge Humberto Hernandez Rivera,
Petitioner,
v.
Markwayne Mullin, et al.,
Respondents.

No. CV-26-04062-PHX-SHR (DMF)

**ORDER TO SHOW CAUSE**

On June 9, 2026, Petitioner Jorge Humberto Hernandez Rivera filed, through counsel, a Petition under 28 U.S.C. § 2241 challenging his immigration detention. Respondents were ordered to show cause why the Petition should not be granted, and on June 16, 2026, they filed a Response. On August 24, 2026, Petitioner filed a pro se "Motion to Proceed Pro se, Terminate Counsel's Representation, Request Direct Service, and Request Copy of Respondents' Response." In his Motion, Petitioner stated he had paid an attorney to assist him with filing the Petition but the attorney sought additional payment for further work on the case and Petitioner was unable to pay. Petitioner requested permission to proceed on his own behalf and asked that his attorney's representation be terminated.

In a September 9, 2026 Order, the Court denied the Motion without prejudice, explained to Petitioner's attorney that Local Rule of Civil Procedure 83.3 does not permit limited scope representation, and ordered Petitioner's attorney to file either (1) a status report indicating whether he was actively representing Petitioner or (2) an application to

withdraw that conformed with the Local Rules of Civil Procedure, *see* LRCiv 83.3(b) (setting forth notice of withdrawal requirements for notices filed with and without written approval of client). The Court specifically warned Petitioner's attorney that "failure to comply with this Court's local rules may result in sanctions," citing Local Rule of Civil Procedure 83.1(f). *See* LRCiv 83.1(f) (permitting Court to impose sanctions where an attorney fails to conform to the Federal Rules of Civil Procedure or the Local Rules). Petitioner's attorney has not filed any response to the Court's September 9 Order.

Courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

"Before finding civil contempt, a court must determine by clear and convincing evidence that: (1) a valid court order exists that is 'specific and definite'; (2) the party had knowledge of the order and notice of and an opportunity to be heard about the alleged noncompliance; and (3) the party failed to take '*all* reasonable steps to comply with the order.'" *Parsons v. Ryan*, No. CV-12-0601-PHX-DKD, 2018 WL 3239691, at *2 (D. Ariz. June 22, 2018) (citations omitted). The alleged contemnor must show "categorically and in detail" why it is or was unable to comply. *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (quoting *N.L.R.B. v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973)).

The contempt "need not be willful," and there is no good faith exception to the requirement to obey a court order. *In re Dual-Deck*, 10 F.3d at 695 (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). But a party should not be held in contempt if its action "appears to be based on a good faith and reasonable interpretation of the [court's order]." *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Substantial compliance with a court

order is a defense to civil contempt, and "a few technical violations" will not vitiate substantial compliance where every reasonable effort has been made to comply. *Id.* Accordingly,

**IT IS ORDERED** Attorney Dario Yadhir Romero Martinez must, within **<u>5 days</u>**, show cause in writing why he should not be held in contempt for failing to comply with the Court's September 9, 2026 Order.

Dated this 21st day of September, 2026.

Honorable Scott H. Rash
United States District Judge